# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DANIELLE WHITE, ET AL.,** | ) | |
| Plaintiffs, | ) | Case No. 2:12CV00002 |
| v. | ) | **OPINION** |
| **LISA BREWER, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

In this pro se action under 28 U.S.C.A. § 1331 (West 2006),[1] the plaintiff seeks to proceed in forma pauperis, pursuant to 28 U.S.C.A. § 1915(a)(1) (West 2006). Based on the affidavit filed by the plaintiff, I will allow the Complaint to be filed without payment of the filing fee. However, upon examination of the Complaint, I find that the case is without merit and will dismiss it.

In her Complaint, the plaintiff makes various constitutional claims against the Lee County School Board, as well as several other individuals associated with the school system. For example, White contends that her children were discriminated against because they were home schooled. She points to the fact that they were precluded from taking certain elective courses until they passed a math class, required to submit their home school curriculum to the school board, and denied

---

[1] The plaintiff also references several other statutes aside from 28 U.S.C.A. § 1331. However, none of these statutes are applicable to the allegations set forth in her Complaint.

funding equal to that received by the public school system, as evidence of such discrimination.  White also contends that school officials violated her and her children's right to life, liberty, and the pursuit of happiness by conducting emergency "lock down" drills, failing to notify parents of basketball team tryouts, preventing students from going outside to eat or exercise, failing to maintain school security equipment, refusing to separate special education students from "regular" students, and exposing children to radiation through the use of a wi-fi network. Finally, White contends that the school system exposed her children to vaccines and refused to accommodate their dietary needs.  White seeks various forms of injunctive relief, as well as an unspecified amount of compensatory damages.

Under 28 U.S.C.A. § 1915(e)(2)(B) (West 2006), the court has the duty to screen initial filings from litigants proceeding in forma pauperis. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006).   Furthermore, "a district court must dismiss an [in forma pauperis] action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006).

White's allegations provide no factual or legal basis for a proper claim under § 1331. While she may have legitimate concerns about the local public school system, the federal courts are not authorized to review the decisions of school authorities in their day-to-day operation of the schools. That is because components of the public educational process are issues that do not merit constitutional protection. *See McGee v. Va. High Sch. League, Inc.*, No. 2:11CV00035, 2011 WL 4501035, at *3 (W.D. Va. Sept. 28, 2011). "[P]arents simply do not have a constitutional right to control each and every aspect of their children's education and oust the state's authority over that subject." *Swanson ex rel. Swanson v. Guthrie Indep. Sch. Dist.*, 135 F.3d 694, 699 (10th Cir. 1998).

However personally significant White's allegations, they are not thereby elevated to those of constitutional import and are not proper subjects for a lawsuit in federal court. Accordingly, White's Complaint must be summarily dismissed under § 1915(e)(2)(B). A separate order will be entered herewith.

DATED: February 10, 2012

/s/ James P. Jones
United States District Judge

- 3 -